(Hamilton County Common Pleas, 1896.)

## WADE v. BISHOP.

A broker's failure to secure, in accordance with his oral agreement, the cancellation of a mortgage on real estate taken in exchange or as payment for real estate sold by said broker, is no defense to notes executed and delivered by vendor to the broker as commission for making the sale or exchange, although the oral promise was part of the consideration for the notes.

---

The Bishops, owning some real estate, hired Wade, a broker, to effect a trade of it, and agreed to pay him $500 if he was successful. He found a purchaser whose real estate was encumbered by mortgage for $800.

The trade was effected and deeds passed, with the understanding that Wade was to secure the cancellation of the $800 mortgage upon the land which the Bishops received. Wade wanted his pay, the Bishops wanted the mortgage cancelled; Wade assured and promised them that he would secure its cancellation, and they gave him these notes for the $500. The notes mature, suit is brought, the mortgage is still in force, the Bishops admit delivery of the notes and urge his failure to

secure the cancellation as an absolute defense to the notes.

CHARGE OF THE COURT.

WRIGHT, J.

The plaintiff, Wade, sues upon the several promissory n tes; the defendants admit the execution and delivery thereof to him; wherefore Wade is entitled to verdict and judgment unless the defendants are able to make out such matters as in law amount to a defense.

We attend therefore to their claim in this regard: It is, that after Wade had found a purchaser for their property, he was for having his pay, which he was willing to take in the form of these notes; that the giving of the notes was suggested and agreed upon; that to the knowledge of all parties there then existed an $800 mortgage encumbering the fee of the real estate which the defendants took in trade; that Wade made promise and obligated himself to secure the release and cancellation     this mortgage; that he failed to make good this promise; that the mortgage is still alive, and a lien against the property of the defendants.

Taking this claim to be in all respects true, does it make a defense against the notes?

You observe in the outset that each note is upon its face an absolute and unconditional promise for the payment of a sum certain, at a fixed and definite time; you have in each note an unconditional written promise for the payment of money; that there was no consideration for the giving of these written promises is not claimed; upon the contrary it is admitted that Wade performed services of value; it is declared that he performed some, but neglected to perform a part of what he was obliged to; that he promised to do more, but has failed.

What if he has, does it establish that the written promises in the form of notes were never made?

Certainly not; for whatever Wade agreed to do, whatever he failed to do, you still have the written notes, and some good consideration for the giving of them.

Now, the situation developes that written promises to pay money were given upon the one hand in exchange for some very considerable services and an oral promise upon the other hand; be the oral promise not made good, yet the services are performed, and the written promises have nevertheless been made; a written promise once made upon good consideration must always remain a written promise, there is no escape from the recognition of it; the rendition of the services was a good consideration sufficient to make the written promise binding.

You have then a written promise, binding when it was made, against an oral promise, binding when it was made.

Both were binding then, both are binding now; failure to perform the oral promise does not destroy the written promise any more than nonpayment of the notes when they matured would have released Wade from the oral promise; while each may set off against the other his damages if promise be broken, yet a breach of either promise does not make the other void and worthless to the extent of creating a good defense against suit upon it.

The business of the law is to ascertain what rights arise out of those promises which are voluntarily made by individuals; it is not the business of the law to amend, alter, or hold for naught the obligations which individuals fully undertake for themselves, the law awards to each individual the prerogative of entering into, or refraining from contractual relations with others; it leaves to each the making of his own bargains, be they good or bad; if one makes a good bargain his foresight and prudence are to be commended, if a bad one, he has none to blame but himself, and while he may be an object of sympathy and commiseration, yet his bargain is his bargain, and he must abide by it, bad though it be; the law will not, indeed cannot undertake to shield him from the consequences of mistaken judgment, or to relieve him from his obligations, when their fulfillment turns out to be a hardship; he was the dictator of his course, and the law will attend either choice with the natural and necessary results.

It may be said that the defendants committed an error of judgment in delivering these notes to Wade prior to the cancellation of the mortgage, that they made a mistake in taking his promise about the mortgage; but, mistake or no mistake, this they have done, and voluntarily; they have delivered their notes and have taken his promise; they chose to rely upon his promise then, when they might have chosen otherwise and withheld the notes.

They cannot be heard to say that they promised to pay only conditionally, for they are confronted with their own writings—the notes—which show that the promises to pay were unconditional, and when once a promise is made in writing, the law will permit no one to say that he did not promise what the writing so plainly shows he did promise.

I must therefore advise you that the matters urged by the defendants do not make a good defense to the notes, and that the law puts upon you the duty of rendering a verdict for the plaintiff upon each of the notes, together

with the interest upon each at the rate of six per cent. per annum from the day of its maturity up to the seventh day of January last past. These several items you m~~ compute together in one total sum.

I have thus far seemingly assumed that Wade agreed to secure the release of the $800 mortgage; this was but for convenience in the application of the law; as to the truth of the matter I can have no knowledge, but desire you to determine it from the evidence bearing upon that point, to the end that this trial may settle the question between the parties, and that it may never have to be litigated any more.

You will therefore attend to and answer the special interrogatory which I now submit to you:

If you find from the evidence that he did, let your answer be "Yes;" if he did not, let your answer be "No." The burden is upon the defendants to prove by a preponderance of evidence that he did so agree.

Your foreman may sign the answer to the special interrogatory as well as the general verdict.

*W. W. Prather,* for Plaintiff.
*R. S. Fulton,* for Defendant.